UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES MOTEN,

            Plaintiff,

            v.                            Case No. 20-cv-898

JOHN DOE OFFICERS 1–6,
DOE CRANDBERRY,
DR. REGINALDO ARBOLEDA,
DOE JONES, and MELISSA MITCHELL,

            Defendants.

## SCREENING ORDER

      Plaintiff James Moten, an inmate confined at the Wisconsin Resource Center, representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendants violated his constitutional rights. This order resolves Moten's motion for leave to proceed without prepaying the filing fee and screens his complaint.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE**

      The Prison Litigation Reform Act (PLRA) applies to this case because Moten was a prisoner when he filed his complaint. *See* 28 U.S.C. §1915(h). The PLRA allows the Court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

      On June 18, 2020, the Court ordered Moten to pay an initial partial filing fee of $6.98. (ECF No. 5.) Moten paid that fee on June 29, 2020. The Court will grant Moten's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## SCREENING THE COMPLAINT

Under the PLRA, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In determining whether the complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)).

To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes *pro se* complaints liberally. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

Moten complains about the use of excessive force while he was an inmate at Racine Correctional Institution and his subsequent medical treatment while at both Racine and the Wisconsin Resource Center. He alleges that "Sgt. Jane Doe," who is not a defendant, came to his cell at Racine on February 13, 2020 and told him that he was moving. (ECF No. 1 at 3.) Moten asked why and told the sergeant he was "good where he is at." The sergeant left and then six John Doe officers and Captain Jones (sued as "Doe Jones Captain") arrived at Moten's cell wearing riot gear. (*Id.* at 3–4.) Without any warning, the officers rushed into Moten's cell, grabbed him, and threw him on the floor with "great force." (*Id.* at 4.) Captain Jones then pressed his taser into Moten's back. During the altercation, Moten felt a "pop" followed by "great pain" in his groin area. He later learned the pop was an inguinal hernia. (*Id.*)

2

Moten asked to see a doctor. (*Id.* at 5.) Defendant Nurse Crandberry (sued as "Doe Crandberry Nurse") saw Moten and diagnosed him with a hernia, but he did not do anything about the hernia. (*Id.*) Moten was then placed in a van and transferred to the Wisconsin Resource Center, where he was placed in the segregation unit. (*Id.* at 5–6.) He asked to see the doctor for his hernia and saw defendant Dr. Reginaldo Arboleda on March 20, 2020. (*Id.* at 6.) When Dr. Arboleda "refused" to treat Moten's hernia, Moten complained to defendant Health Services Unit (HSU) manager Melissa Mitchell, who also refused to do anything about Moten's condition. Moten's hernia is painful and interferes with his ability to participate in daily activities, including taking care of himself and exercising. (*Id.*)

To state a claim for excessive use of force under the Eighth Amendment, a plaintiff must allege that a defendant applied force maliciously and sadistically to cause harm rather than in a good faith attempt to maintain or restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 668 (7th Cir. 2012). Factors relevant to a defendant's mental state include the need for force, the amount of force used, the threat reasonably perceived by officers, efforts made to temper the severity of the force, and the extent of injuries caused by the force. *Whitley v. Albers*, 475 U.S. 312, 321 (1986); *Rice*, 675 F.3d at 668.

Moten alleges that the six John Doe officers and Captain Jones came to his cell in riot gear and, without warning, entered his cell and took him forcefully to the ground. Captain Jones also pressed his taser into Moten's back, though it is unclear whether he deployed it. In the process of being brought to the ground, Moten got an inguinal hernia. At screening, the Court finds this is sufficient to allege that the Doe officers and Captain Jones used excessive force. The inquiry into whether force is excessive is both fact-intensive and dynamic. Moten's allegations of unprovoked force in removing him from his cell are just enough to state a claim under the Eighth Amendment against Captain Jones and the six Doe officers. The Court notes that Moten will be able to use discovery to learn the names of the Doe officers once the Court enters a scheduling order. If discovery does not bear out that the force used was excessive, the case may be dismissed on summary judgment.

The Eighth Amendment's proscription against cruel and unusual punishment also protects prisoners from "grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (quoting *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014)) (internal quotations omitted). The Court uses a two-part test to evaluate whether medical care amounts to

3

cruel and unusual punishment; it asks: (1) "whether a plaintiff suffered from an objectively serious medical condition" and (2) "whether the individual defendant was deliberately indifferent to that condition." *Id.* (quoting *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (en banc)).

The Court is satisfied that Moten's alleged inguinal hernia, which he contends causes him pain and interferes with his daily activities, is sufficiently serious. The Court is also satisfied that Moten's allegations that both Crandberry and Arboleda flatly refused to treat him, and his allegation that Mitchell refused to help him get treatment, sufficiently allege that each of the defendants may have acted with deliberate indifference to his medical needs. Moten may proceed against Crandberry, Arboleda, and Mitchell under the Eighth Amendment.

Moten also says that he wants to sue Captain Jones and Mitchell in their official capacities. The difference between official capacity and individual capacity is significant. "Personal-capacity suits seek to impose liability upon a governmental official for actions he takes under color of state law . . . . Official capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent." *Hill v. Shelander*, 924 F.2d 1370, 1372 (7th Cir. 1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). In other words, a personal-capacity suit is appropriate when an official, acting under the color of state law, personally deprives a plaintiff of a federal right. *Id.* On the other hand, an official-capacity suit is appropriate when a person is executing or implementing the official policy or custom of a government entity. *Id.* Moten's allegations do not give rise to a reasonable inference that either Jones or Mitchell acted under any sort of official policy or custom. Accordingly, he has not stated a claim against these defendants in their official capacities and those claims are dismissed.

## CONCLUSION

**THEREFORE, IT IS ORDERED** that Moten's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Nurse Crandberry, Dr. Reginaldo Arboleda, Captain Jones, and Melissa Mitchell. It is **ORDERED** that, under the informal service agreement, those defendants shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the agency having custody of Moten shall collect from his institution trust account the $343.02 balance of the filing fee by collecting monthly payments

from Moten's prison trust account in an amount equal to 20% of the preceding month's income credited to Moten's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Moten is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Moten is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Moten is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Moten is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Moten's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

5

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Moten may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 26th day of October, 2020.

s/ Brett H. Ludwig

Brett H. Ludwig
United States District Judge

6

Case 2:20-cv-00898-BHL   Filed 10/26/20   Page 6 of 6   Document 8