UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES MOTEN,

        Plaintiff,

        v.                                  Case No. 20-cv-0898-bhl

JOHN DOE CORRECTIONAL
OFFICERS #1-6, *et al.*,

        Defendants.

---

## ORDER

---

Plaintiff James Moten, who is representing himself, is proceeding with two claims: (1) that Captain Edward Jones and John Doe Correctional Officers #1-6 used excessive force against him on February 13, 2020 at the Racine Correctional Institution (RCI); and (2) that RCI medical staff, Dr. Reginaldo Arboleda, Nurse Crandberry, and Health Service Unit Manager Melissa Mitchell, failed to treat his inguinal hernia caused by the excessive force incident. Dkt. No. 8. On November 19, 2020, the defendants filed a partial motion for summary judgment based on Moten's failure to exhaust administrative remedies on his excessive force claim prior to bringing this lawsuit. Dkt. No. 11. The defendants also filed a motion to stay the deadline to answer the complaint pending resolution of the motion. Dkt. No. 15. The Court granted the motion to stay and instructed Moten to file a response to the motion. Dkt. No. 16. For the reasons explained below, the Court will grant the motion for partial summary judgment and dismiss the excessive force claim, along with Captain Edward Jones and John Doe Correctional Officers #1-6, from the case.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The party asserting that a fact is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## ANALYSIS

Under the Prison Litigation Reform Act, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). "The primary justification for requiring prisoners to exhaust administrative remedies is to give the prison an opportunity to address the problem *before* burdensome litigation is filed." *See Chambers v. Sood,* 956 F.3d 979, 983 (7th Cir. 2020) (citing

2

*Woodford v. Ngo*, 548 U.S. 81, 93–95 (2006); *Schillinger v. Kiley*, 954 F.3d 990, 995–96 (7th Cir. 2020)). "To satisfy the exhaustion requirement, an inmate must take each of the steps prescribed by the state's administrative rules governing prison grievances." *Id.* (citing *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019)).

Wisconsin has established the Inmate Complaint Review System (ICRS) to review inmate grievances. Wis. Admin. Code § DOC 310.05. Inmates must file an inmate complaint with the Institution Complaint Examiner ("ICE") within 14 days of the relevant occurrence. Wis. Admin. Code § DOC 310.07(2). An ICE may reject an inmate complaint for untimeliness. *Id.* § DOC 310.10(6)(e), 310.10(10). An inmate complaint that is rejected as untimely does not fulfill the exhaustion requirement. *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). This is true because "the benefits of exhaustion" can be realized only if the prison grievance system is given a fair opportunity to consider the grievance on the merits. *Woodford v. Ngo,* 548 U.S. 81, 95 (2006). If noncompliance "carries no significant sanction," a prisoner who does not want to participate in the prison grievance system "will have little incentive to comply with the system's procedural rules." *Id*. Indeed, the prisoner would be able to file an untimely inmate complaint then proceed directly to federal court, wholly bypassing the institution's review of the merits. *Id*.

The defendants assert that they are entitled to partial summary judgment on Moten's excessive force claim. They attach Moten's Inmate Complaint History Report, which shows that Moten filed one inmate complaint about excessive force in April 2020. Dkt. No. 14-1. This inmate complaint was "rejected" as untimely because it was filed more than 14 days after the February 13, 2020 incident and Moten "made no plea for good cause to file late." Dkt. No. 14-3 at 2. Based on this evidence, the Court is satisfied that the defendants are entitled to partial summary judgment on the excessive force claim. Moten also does not identify any other evidence the Court should

consider in resolving the motion. *See* Dkt. No. 17. Instead, he appears to have simply refiled the same documents the defendants relied on in their motion. *Compare* Dkt. No. 14-2, 14-3,14-4 *with* Dkt. No. 17. Accordingly, the Court will grant the motion for partial summary judgment and will dismiss the excessive force claim and remove Captain Edward Jones and John Doe Correctional Officers #1-6 from this case. Given that the motion is now resolved, the remaining defendants are directed to file an answer to the complaint.

## CONCLUSION

**IT IS ORDERED** that the defendants' partial motion for summary judgment based on failure to exhaust administrative remedies (Dkt. No. 11) is **GRANTED.** The excessive force claim, along Captain Edward Jones and John Doe Correctional Officers #1-6, are **DISMISSED** from this case. The remaining defendants are directed to file an answer to the complaint.

Dated at Milwaukee, Wisconsin this 22nd day of February, 2021.

s/ *Brett H. Ludwig*
Brett H. Ludwig
United States District Judge