UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES MOTEN,

                Plaintiff,

v.                                                              Case No. 20-cv-0898-bhl

DOE CRANDBERRY, et al.,

                Defendants.

---

## DECISION AND ORDER

---

      On June 10, 2021, defendants Dr. Reginaldo Arboleda and Melissa Mitchell filed a motion for summary judgment. Dkt. No. 23. The following day, on June 11, 2021, the Court reminded plaintiff James Moten, who is representing himself, that under Civil L. R. 56(b)(2) his response materials were due by July 12, 2021. Dkt. No. 29. The Court warned Moten that under Civil L. R. 7(d) failure to respond to the motion or to ask for additional time to respond would be sufficient cause for the Court to grant the motion as a sanction for noncompliance. The deadline has passed, and Moten did not oppose the motion.

      The Court has reviewed the motion for summary judgment, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that defendants Dr. Arboleda and Mitchell are entitled to summary judgment. *See* Fed. R. Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by the defendants and deemed true by the Court, Arboleda used his medical judgment and responded reasonably to Moten's inguinal hernia; and therefore, he was not deliberately indifferent towards Moten's serious medical condition. *See* Dkt. Nos. 24-25. Further, with respect to Moten's claims against Mitchell, the now undisputed facts confirm that Mitchell never treated Moten with respect to this inguinal hernia; and therefore, she was not personally involved in his medical care. As a result, Dr. Arboleda and Mitchell are entitled to summary judgment. Additionally, pursuant to Civil L. R. 7(d), the Court finds that Moten's failure to respond to the motion for summary judgment is sufficient cause for the Court to grant the motion as a sanction for noncompliance.

The Court also ordered Moten to identify the real name of "Doe Crandberry" by May 18, 2021 because the Department of Justice could not identify any individual by that name employed by the Department of Corrections. Dkt. No. 22. The Court warned Moten that failure to identify the real name of this unidentified individual would result in dismissal of that individual from this case. Moten also failed to comply with that Court order. Thus, "Doe Crandberry" will also be dismissed from the case.

**IT IS THEREFORE ORDERED** that "Doe Crandberry" is **DISMISSED** from this case; the remaining defendants' motion for summary judgment (Dkt. No. 23) is **GRANTED;** and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 21st day of July, 2021.

BY THE COURT:

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.